**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ANDREW TOLIVER, | ) | |
|        Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-504-P |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Dept. of Criminal Justice, Criminal | ) | |
| Institutions Division, | ) | |
|        Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Nathaniel Quarterman, Director of the TDCJ-CID.

**Statement of the Case:** On October 15, 1999, Petitioner pled *nolo contendere* to a charge of aggravated sexual assault in Hunt County, Texas. On September 27, 2000, the court of appeals dismissed his appeal for lack of jurisdiction. *Toliver v. State*, No. 05-99-001804-CR

(Tex. App. – Dallas, 2000, no pet.). On November 20, 2000, the court of appeals denied Petitioner's request for a rehearing. Petitioner did not file a petition for discretionary review.

Petitioner filed five state petitions for habeas relief. On January 24, 2001, the Court of Criminal Appeals dismissed Petitioner's first state petition because his appeal was still pending. *Ex parte Toliver*, No. 48,129-01. On September 10, 2001, Petitioner filed a second state habeas petition. *Ex parte Toliver*, No. 48, 129-03. On October 2, 2002, the Court of Criminal Appeals denied the petition. On February 26, 2003, Petitioner filed his third state habeas petition. *Ex parte Toliver*, No. 48, 129-04. On April 30, 2003, the Court of Criminal Appeals dismissed the petition as an abuse of the writ. On February 21, 2007, and February 27, 2008, the Court of Criminal Appeals dismissed Petitioner's fourth and fifth state habeas petitions as an abuse of the writ. *Ex parte Toliver*, No. 48,129-05, -06.

On May 27, 2003, Petitioner filed a federal petition for writ of habeas corpus. *Toliver v. Dretke*, No. 3:03-CV-1402-D (N.D. Tex.). On April 18, 2005, the Court dismissed the petition as barred by the statute of limitations. On March 7, 2008, Petitioner filed the instant federal petition. He argues his state conviction is unlawful because: (1) the indictment was untimely filed; and (2) he received ineffective assistance of counsel because counsel did not move to quash the indictment.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 2nd day of April, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).